# STATE OF MICHIGAN

# COURT OF APPEALS

RIVERSBEND REHABILITATION, INC.,

     Plaintiff-Appellant,

v

JEFFREY ENOS,

     Defendant-Appellee.

UNPUBLISHED
October 29, 2015

No. 321631
Isabella Circuit Court
LC No. 2013-010619-CK

Before: M. J. KELLY, P.J., and MURRAY and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*)

This case appears to be an unfortunate example of the maxim, "no good deed goes unpunished."

Defendant Enos and Michael Wilson, the owner of plaintiff Riversbend Rehabilitation, a provider of physical therapy services, were brothers-in-law. In 2006, Enos, encouraged by Wilson, decided to get a doctoral degree in physical therapy. On July 24, 2006, they signed an "Agreement between Riversbend and Jeff Enos." In this document, Wilson generously agreed that his company would pay the full amount of Enos's tuition and other educational expenses and that if Enos completed the program, he would not have to repay these sums. This was reflected in a document the two men signed in 2006. The document also provided that Riversbend would provide Enos with $40,000 per year as a "salary advance" while he was in school and that after graduation, Enos would work for Riversbend for a salary less than what therapists are normally paid and the amount of that reduction would be credited against the salary advances until such time as the full amount of the advances had been repaid.[1] The document stated that Enos "will be committed to work for Riversbend Rehab Inc as a physical therapist until this payback is satisfied," but it did not contain language specifically requiring Riversbend to provide employment to Enos after graduation. Further muddying the waters, all the terms of the agreement were set forth after an introductory statement that the terms of the agreement "will be somewhat indefinite until the following conditions are either met and/or bought out by employee."

---

[1] The total amount to be repaid would also be reduced commensurate with any work Enos performed for Riversbend during his school breaks.

The 2006 agreement was supplemented in 2011 by a document captioned CONFIRMATION OF AGREEMENT BETWEEN RIVERSBEND AND JEFF ENOS. It referenced the 2006 agreement, set forth the amounts of "advance of salary" received by Enos to that date ($212,307.64), and stated that:

> following [Enos's] college graduation and the start of *his agreed to employment with Riversbend*, an agreed upon portion of his then established salary will be deferred and considered a repayment against the advance salary amounts received. *It is intended between the parties that [Enos] will remain employed at Riversbend* for a sufficient period of time to establish deferral amounts sufficient to repay the entire amount of advanced salaries. [emphasis added.]

The 2011 document also provided that if Enos did not complete his degree, chose not to be employed by Riversbend, or terminated his job at Riversbend before completing repayment, the balance of the repayment would be governed by a contemporaneously executed promissory note.

The record does not make clear why, after six years, there was a loss of good will between the two men; there is a suggestion that it was related to the fact that Enos and Wilson's sister divorced, but no details are provided. In any event, Wilson and Riversbend declined to employ Enos after December 2012. Enos graduated in May 2013.

Given the language of the 2011 Confirmation of Agreement, I find myself compelled to concur in the result in this case, but I have serious doubts about whether we have served justice. After reviewing the record, I think it likely that when signing the agreements, the parties never contemplated what would happen if Riversbend could not or would not employ Enos after he graduated. Nevertheless, I cannot disagree with the majority's analysis given the language in the 2011 document that the parties, including Riversbend, "intended" and had mutually "agreed" that Enos would be employed at Riversbend until the salary advances were recouped.

It is unfortunate that the parties were not able to agree to new terms once the relationship broke down. According to the parties' emails, Wilson was prepared to continue to pay Enos tuition providing Enos would agree to sign an amendment under which he would pay back the sums over five years. Enos responded in an email stating that such rapid repayment of so large a sum would be too difficult, and he suggested that they wait to determine payback terms until after he graduated and obtained employment. Wilson declined this proposal, but offered to extend the repayment period from five to 12 years. Enos did not respond to this proposal, however, and Riversbend terminated Enos's employment and did not pay for his last two semesters of school. Enos apparently then took the position that he had no obligation to repay any amount.

In my view, the better outcome in this case would be to remand to the trial court to reform the contract so as to provide reasonable terms of repayment of the advance salary, but I do not believe we have the authority to do so.

/s/ Douglas B. Shapiro